## Third National Bank of Scranton, Guardian, v. City of Scranton

*R. Wallace White*, for plaintiff.

*J. I. Myers* and *J. R. Edwards*, for defendant.

HOBAN, J., January 17, 1936.—On November 5, 1934, the treasurer of the City of Scranton sold at treasurer's sale, for unpaid taxes, a certain property assessed on the city books to Margaret E. Haney. The sale was duly reported and confirmed. The city itself was the purchaser, and so, in the absence of irregularity in the proceedings, became the owner of the land subject to the right of the former owner to redeem it within two years from the date of the confirmation of the sale. Prior to the sale, but after the proceedings leading to it by advertisement and notice had been initiated, Margaret E. Haney was by due process in this court declared incompetent, and plaintiff was appointed guardian of her estate. At the time of the sale the legal title to the land was in the name of Scranton Lackawanna Trust Company, subject to a trust running to the said Margaret E. Haney, who had the right to control the disposition of the property. Claimant now challenges the validity of the treasurer's sale because of the incompetency of Margaret E. Haney, who appeared on the city's record as the taxable in default, and does so in this proceeding by petition and rule.

Respondent questions the right of petitioner to avoid the sale by this proceeding, which process petitioner seeks to sustain on the ground that the confirmation of the sale brings the matter into this court, and that this process is merely to correct a record in a proceeding already before us and therefore should not be considered an original process.

Without deciding this question, we are of the opinion that petitioner's motion must fail for the reason that no irregularity in the city treasurer's sale has been pointed out to us. The substantive basis for petitioner's claim is the proposition that the city treasurer had no right to sell the property of an incompetent; but with this position we cannot agree, since, as above stated, no irregularity appeared at the sale.

Petitioner had its opportunity to challenge the proceedings by exceptions prior to absolute confirmation. Having failed to do so, and having presented no reason for its failure, it cannot now be heard to deny the city's title. To hold otherwise would place an unbearable burden upon the authorities charged by law with collection of taxes, as the city treasurer before making sale would be compelled to inquire into the personal status of every delinquent taxable. The policy of the law contemplates no such obligation.

Nor can we see how petitioner's rights are substantially affected, since the real owner of the property may redeem the title by paying the delinquent taxes, penalties and costs at any time prior to the expiration of two years after the confirmation of the sale.

Now, January 17, 1936, the rule to show cause why the above city treasurer's sale should not be set aside and the treasurer's deed canceled is discharged.